UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ANDY JAMES,

                    Plaintiff,          15 CV 3657 (ERK) (PK)

      -against-

                                      **FIRST AMENDED COMPLAINT**

CITY OF NEW YORK, KHAMRAJ
SINGH, GERARD SARDINA, and
JEREMY DEMARCO,

                                      **PLAINTIFF DEMANDS**
                 Defendants.       **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff Andy James, by his attorneys, Lumer & Neville, as and for his First Amended Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff was an adult male and a resident of the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendant Khamraj Singh (Tax No. 915183) was employed by New York City as a member of the NYPD. Singh is sued herein in his individual capacity.

4. At all relevant times hereinafter mentioned, defendant Gerard Sardina (Tax No. 931162) was employed by New York City as a member of the NYPD. Sardina is sued herein in his individual capacity.

5. At all relevant times hereinafter mentioned, defendant Jeremy DeMarco was employed by New York City as a member of the NYPD. DeMarco is sued herein in his individual capacity.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the defendant City of New York resides, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

8. On May 15, 2013, at or about 4:30 p.m., plaintiff was lawfully present on Utica Avenue near Empire Boulevard, where he was waiting for a cab.

9. At or about that time, plaintiff entered a vehicle operated by a person believed to be named Victor Soto.

10. Plaintiff entered the driver's vehicle ("Vehicle") and the car drove off.

11. The car drove about two blocks and then stopped when it was pulled over by a NYPD vehicle which, upon information and belief, was occupied and operated by the three individual defendants.

12. The three individual defendants were, at the time of the incident, on duty and acting in their capacity as members of the NYPD.

13. The three individual defendants were, at the time of the incident, assigned to module within the Narcotics Bureau within the NYPD.

14. At the time of the incident, defendant Singh had the rank of Sergeant and was supervising the two remaining defendants, Sardina and DeMarco, who each held the rank of Detective.

15. Upon being directed to stop his vehicle, Soto told plaintiff to exit the vehicle. Plaintiff exited the vehicle and Soto pulled away.

16. When plaintiff exited the Vehicle, he was seized by one of the individual defendants and placed under arrest.

17. One or more of the individual defendants forcefully flung plaintiff into the NYPD vehicle that was to transport plaintiff from the arrest scene, and did so with such force that he was thrown against the seat of the vehicle as to cause injury to plaintiff's left shoulder.

18. The defendants located the Vehicle at a different location and searched it for contraband. According to the defendants, marijuana and other contraband was found inside.

19. Upon information and belief, Soto fled the scene and was not apprehended until May 21, 2013.

20. Plaintiff asserted that he had no knowledge of the marijuana as he had

been working all day and had merely accepted a ride from the driver of the Vehicle.

21. Plaintiff asserted that he was not associated with the driver of the Vehicle and that plaintiff had merely accepted a ride from him.

22. Plaintiff asserted that he had no knowledge of the driver's whereabouts.

23. Although it was clear that the marijuana was not in plaintiff's possession as he had merely accepted a ride from Soto, the defendants stated that plaintiff would be charged with the contraband had been found inside the Vehicle.

24. Plaintiff was transported to a local area police precinct station house, where he was imprisoned for hours while his arrest was processed.

25. Plaintiff was later transported to Central Booking, where he was imprisoned for many more hours.

26. While plaintiff was in the defendants' custody, one or more of the individual defendants drafted arrest paperwork in which the individual defendants alleged that they witnessed Soto attempt to hand plaintiff a bag containing marijuana while Soto and plaintiff were seated in the Vehicle, which was prompted the stop of the vehicle.

27. Upon information and belief, the individual defendants alleged that a second bag of marijuana was recovered from plaintiff's person after he exited the vehicle.

28. Upon information and belief, the individual defendants sought to charge plaintiff with possession of the marijuana they claimed to have found in the Vehicle, a black jack they also claimed to have found in the Vehicle, and the marijuana they claimed to have found on his person.

29. These claims were materially false. At no time while plaintiff was in the Vehicle did he attempt to purchase marijuana from Soto, nor did Soto attempt to hand plaintiff marijuana, nor was plaintiff aware of the presence of any marijuana, weapons, or contraband of any sort in the Vehicle. Furthermore, at no time did the individual defendants recover marijuana from plaintiff's person on the date of the arrest.

30. At no time did defendants have sufficient legal cause to arrest and imprison plaintiff, nor was it reasonable for defendants to believe such cause existed.

31. After many hours, the Kings County District Attorney ("KCDA"), having reviewed the arrest paperwork drafted by one or more of the individual defendants and having interviewed one or more of the individual defendants, declined to prosecute plaintiff, and Mr. James was later released without being charged.

32. At no time did any the individual defendants, including Sergeant Singh, make any effort to prevent the other defendants from engaging in, and continuing to engage in, said misconduct, which caused plaintiff to be arrested and imprisoned while facing the threat of a potential felony prosecution.

33. At no time did defendants have sufficient legal cause to arrest andimprison plaintiff, nor was it reasonable for defendants to believe such cause existed.

34. At to time did was it objectively reasonable for the defendants to useany force, much less the force actually employed, nor was it reasonable for defendants tobelieve such use of force was appropriate.

35. That at all times relevant herein, the defendants were acting within

thescope of their employment, and their acts were done in furtherance of the City of NewYork's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

36. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

37. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

38. By so doing, the individual defendants subjected the plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

39. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

40. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

41. The individual defendants willfully and intentionally subjected plaintiff

to physical force in excess of what was reasonable under the circumstances causing plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

42. By so doing, the individual defendants subjected the plaintiff to false excessive force, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

43. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

### THIRD CAUSE OF ACTION

44. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

45. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

46. Defendants had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, the use of excessive force, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and

appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

47. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the use of excessive force, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

48. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

49. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

50. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. §1983, the

Fourth and Fourteenth Amendments to the Constitution of the United States.

51. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

52. Therefore the municipal defendant has not only tolerated, but activelyfostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of the plaintiff's constitutional rights.

53. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, deprivation of liberty, and the loss of his constitutional rights.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. on the first and second causes of action, actual and punitive damages in an amount to be determined at trial;

ii. on the third cause of action, actual damages in an amount to be determined at trial; and

iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv. such other relief as the Court deems just and proper.

Dated:   New York, New York
         November 26, 2015

                        LUMER & NEVILLE
                        Attorneys for Plaintiff
                        225 Broadway, Suite 2700
                        New York, New York 10007
                        (212) 566-5060

                        /s/
            By: _____
                        Michael Lumer, Esq.