UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ANDY JAMES,

                      Plaintiff,

        -against-                    15 CV 3657 (ERK) (PK)

CITY OF NEW YORK, et al.,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEGAL FEES AND COSTS

                                            LUMER & NEVILLE
                                            225 Broadway, Suite 2700
                                            New York, New York 10007
                                            (212) 566-5060

                                            Attorneys for Plaintiff

<u>Of Counsel</u>
Michael Lumer, Esq.

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      POINT I     THE FEES SOUGHT ARE REASONABLE
                        AND APPROPRIATE AND SHOULD BE
                        AWARDED IN THEIR ENTIRETY. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

                    A.     Legal Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

                    B.     Michael Lumer's Hourly Rate is Reasonable. . . . . . . . . . . . . . . 5

                    C.     Prior Court Decisions Concerning
                           Michael Lumer's Hourly Rate. . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      POINT II    THE COSTS INCURRED BY PLAINTIFF
                        WERE REASONABLE AND NECESSARY. . . . . . . . . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                       <u>Pages</u>

*A.R. v. N.Y. City Dep't of Educ.*,
407 F.3d 65 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Adorno v. Port Authority of New York and New Jersey*,
685 F.Supp.2d 507 (S.D.N.Y. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Asare v. Change Grp. of New York, Inc.*,
2013 WL 6144764 (S.D.N.Y. Nov. 18, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Barbour v. City of White Plains*,
788 F.Supp.2d 216 (S.D.N.Y. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Blount v. City of New York*,
11 CV 124 (BMC). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Blum v. Stenson*,
465 U.S. 886 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Capone v. Patchogue-Medford Union Free Sch. Dist.*,
2011 U.S. Dist. LEXIS 18194 (E.D.N.Y. Feb. 23, 2011). . . . . . . . . . . . . . . . . . . . . . . 11

*Chow v. City of New York*,
2010 U.S. Dist. LEXIS 51285 (E.D.N.Y. May 25, 2010). . . . . . . . . . . . . . . . . . . . . . . 9

*DeCurtis v. Upward Bound Intern., Inc.*,
2011 WL 4549412 (S.D.N.Y. Sept. 27, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Demonchaux v. Unitedhealthcare Oxford*,
2014 WL 1273772 (S.D.N.Y. Mar. 27, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hensley v. Eckerhart*,
461 U.S. 424 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Nissan Radiator/Transmission Cooler Litig.*,
2013 WL 4080946 (S.D.N.Y. May 30, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Telik, Inc. Sec. Litig.*,
576 F.Supp.2d 570 (S.D.N.Y.2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kassim v. City of Schenectady*,
415 F.3d 246 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*LeBlanc-Sternberg v. Fletcher*,
143 F.3d 748 (2d Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*LV v. New York City Dep't of Educ.*,
700 F. Supp. 2d 510 (S.D.N.Y. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*,
831 F.2d 407 (2d Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Millea v. Metro-North Railroad Co.*,
68 F.3d 154 (2d Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Perdue v. Kenny A.*,
130 S. Ct. 1662 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC*,
553 F. Supp. 2d 201 (E.D.N.Y. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Quaratino v. Tiffany & Co.*,
166 F.3d 422 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Rainola v. Bratton*,
2003 WL 1907865 (S.D.N.Y. Apr. 21, 2003).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Reiter v. MTA New York City Transit Authority*,
457 F.3d 224 (2d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Robinson v. City of New York*,
2009 WL 3109846 (S.D.N.Y. Sept. 29, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Rodriguez v. Pressler & Pressler, LLP*,
2009 U.S. Dist. LEXIS 20655 (E.D.N.Y. Mar. 16, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rozell v. Ross-Holst*,
576 F. Supp. 2d 527 (S.D.N.Y. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Safo-Agyekum v. City of New York*,
11 CV 4000 (CM). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Scott v. City of New York*,
643 F.3d 56 (2d Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Stanczyk v. City of New York*,
752 F.3d 273 (2d Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ANDY JAMES,

                        Plaintiff,

       -against-                        15 CV 3657 (ERK) (PK)

CITY OF NEW YORK, et al.,

                        Defendants.
-------------------------------------------------------X

## **PRELIMINARY STATEMENT**

       This case concerns allegations by the plaintiff that the defendant police officers violated his constitutional rights by, in large part, subjecting him to false arrest and imprisonment. The defendants answered, following which discovery began and the complaint was amended. While discovery was still ongoing, the municipal defendant made an of Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 in the amount of $12,501, plus reasonable attorney's fees, expenses and costs to the date of the offer.  Plaintiff accepted the offer of judgment on March 24, 2016, and judgment was entered by the Clerk of Court on April 6, 2016.

       Plaintiff now moves for an award of attorney's fees, expenses and costs in the amount of $20,043.50, pursuant to Fed. R. Civ. P. 54, Local Rule 54.1, and the express terms of the defendant's offer of judgment and the judgment as entered.

## ARGUMENT

### POINT I

### THE FEES SOUGHT ARE REASONABLE AND APPROPRIATE AND SHOULD BE AWARDED IN THEIR ENTIRETY

A.      Legal Standard

The standard method for determining a "presumptively reasonable fee" is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014); *Garcia v. City of New York*, 2013 WL 5574507 (E.D.N.Y. Oct. 9, 2013). In 2010, the Supreme Court reiterated that the lodestar method is "the guiding light of our fee-shifting jurisprudence." *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1672 (2010) (internal quotes and citations omitted). The Court noted that this method was "readily administrable" and "objective," and that "there is a strong presumption that the lodestar figure is reasonable." *Id.* at 1673; *see also*, *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998).

A reasonable hourly rate is ordinarily determined by the prevailing rates "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006), quoting *Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984). Courts may rely upon its own knowledge of private firm hourly rates in deciding what reasonable rates are in the community. *See Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

*Perdue* describes a reasonable fee, set at the "prevailing market rate in the relevant community," as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue*, 130 S. Ct. at 1672 (citations omitted). This requires that the courts grant full "lodestar" recoveries in successful cases, including reference to the "prevailing market rates in the relevant community…governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases." *Blum*, 465 U.S. at 893.

As the Court noted in *Blum*, "Congress directed that attorney's fees be calculated according to standards currently in use under other fee-shifting statutes: 'It is intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases.'" *Blum*, 465 U.S. at 893 (quoting S. Rep. No. 94-1011, p. 6 (1976)). The Court continued,

> the critical inquiry in determining reasonableness is now generally recognized as the appropriate hourly rate…To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to – for convenience – as the prevailing market rate.

*Id.* at 898.

In determining a reasonable fee, a court must bear in mind the well-settled principle that the fees need not be proportional to the damages recovered in the underlying litigation. In fact, the Supreme Court has rejected a "rule of proportionality", i.e.,

3

mechanistically linking the prevailing plaintiff's legal fees to the amount of damages a civil rights plaintiff actually recovers. See *City of Riverside v. Rivera*, 477 U.S. 561, 574-575 (1986) ("Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief."). The Second Circuit has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005). In so doing, the Second Circuit observed:

> [Section] 1988 was enacted in part to secure legal representation for plaintiffs whose constitutional injury was too small, in terms of expected monetary recovery, to create an incentive for attorneys to take the case under conventional fee arrangements. . . . If the district court reduced the fee in the belief that the claimed hours were simply disproportionate in a case involving a $2500 injury, without regard to the reasonableness of the attorney's expenditure of time in responding to the particular circumstances, this was error.

*Id.; see also Millea v. Metro-North Railroad Co.,* 68 F.3d 154 (2d Cir. 2011) ("Especially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes. . . [t]he whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery.") (emphasis in original); *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 424 (2d Cir. 1999) (rejecting a "billing judgment" rule that would limit an awardable fee to one rationally related to the recovery that could be expected *ex ante*).

       In short, the plaintiff is entitled to recover his legal fees based on an evaluation

of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. In this case, both counsel's rate and the amount of time spent on the litigation are reasonable, and thus plaintiff should be permitted to recover the full amount sought.

B.     Michael Lumer's Hourly Rate is Reasonable

The hourly rate of $500 charged and requested by Michael Lumer is well within the range of rates awarded in comparable cases. As an initial matter, when determining the prevailing market rate, "current rates, rather than historical rates, should be applied in order to compensate for the delay in payment." *A.R. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 83 (2d Cir. 2005) (quoting *LeBlanc-Sternberg*, 143 F.3d at 764); *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006). Furthermore, when evaluating the reasonableness of the fees requested, the court should take into account the level of success that was obtained on behalf of the client. *See Hensley*, 461 U.S. at 440 ("[T]he extent of plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees."). Here, plaintiff obtained an award well in excess of what the defendants were offering prior to the issuance of the Rule 68, and which represents a substantial success by any objective measurement in view of the facts.

Counsel's rate (which is his actual rate and not a fiction selected for the purpose of this motion) is a relative bargain when viewed in comparison to those charged by mid-size and large firms for corporate and commercial litigation services. As reflected in the National Law Journal., as of 2013, the top eleven firms in terms of hourly rates were each

5

based in New York.[1] The average rate per partner at these firms in 2013 ranged from $915 to $1,055, and the highest rates at ten of these firms was $1,050 or higher. The average associate rate at these eleven firms ranged from $490 to $620, with ten of the firms' average rates running at $580 per hour or more. In this context, the rate sought here by a highly experienced "high caliber" attprmeu is eminently reasonable, if not outright cheap when compared to what even average mid-level large firm associates were billing three years ago.

Moreover, a review of fees awarded locally in similar cases supports the instant request. *See, e.g.*, *Demonchaux v. Unitedhealthcare Oxford*, 2014 WL 1273772, at *7 (S.D.N.Y. Mar. 27, 2014) (awarding hourly rates of $600.00 for a partner and $500 for a senior associate in ERISA action); *Asare v. Change Grp. of New York, Inc.*, 2013 WL 6144764, at *19 (S.D.N.Y. Nov. 18, 2013) ($750 per hour for partner, $500 for senior associate, in FLSA action); *In re Nissan Radiator/Transmission Cooler Litig.*, 2013 WL 4080946 (S.D.N.Y. May 30, 2013) ($750 per hour for partner and $650 for associate); *In re Telik, Inc. Sec. Litig.*, 576 F.Supp.2d 570, 589 (S.D.N.Y.2008) (approving rates ranging from $700 to $750 per hour); *Scott v. City of New York*, 643 F.3d 56, 59 (2d Cir. 2011) (holding $550 per hour rate in a FLSA case reasonable); *Barbour v. City of White Plains*, 788 F.Supp.2d 216, 225 (S.D.N.Y. 2011) (awarding rate of $625 to experienced civil rights litigator); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) (awarding $600 per hour partner in employment discrimination case); *Robinson v. City of New York*, 2009 WL 3109846, *5 (S.D.N.Y. Sept. 29, 2009) ($500 per hour for a partner in

---

[1] The NLJ's 2013 firm survey for 2013 appears online in their January 2014 issue at: http://www.nationallawjournal.com/id=1202636785489/Billing-Rates-Across-the-Country?slreturn=20150716145910.

2009 in employment litigation case); *Rodriguez v. Pressler & Pressler, LLP*, 2009 WL 689056 (E.D.N.Y. Mar. 16, 2009) ($450 per hour for partner in civil rights case); *DeCurtis v. Upward Bound Intern., Inc.*, 2011 WL 4549412 (S.D.N.Y. Sept. 27, 2011) ($550 for a partner in labor and employment litigation); *Adorno v. Port Authority of New York and New Jersey*, 685 F.Supp.2d 507, 513–14 (S.D.N.Y. 2010) ($550 per hour for partner in civil rights litigation); *LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 519 (S.D.N.Y. 2010) ($600 per hour a reasonable rate for experienced litigators). Indeed, even as early as 2003, rates for partners with comparable experience were deemed reasonable at $400.00 per hour. *Rainola v. Bratton*, 2003 WL 1907865, at *6 (S.D.N.Y. Apr. 21, 2003) ($400 per hour in 2003 reasonable for solo and small firm practitioners). These decisions reflect the obvious fact that, as the Hon. Richard J. Sullivan observed in *DeCurtis,* local rates have been increasing over time. *DeCurtis*, 2011 WL 4549412, *3.

Plaintiff's counsel is not a stranger to the Court. As discussed in Point I(C) below, Mr. Lumer has moved for fees in various Eastern District actions seeking rates varying between $400 and $425 per hour. In every instance, the Court granted his request without reduction. Three of these requests were made between 2010-2012, and the fourth expressly requested $400 hour specifically because it was for work performed between 2006-2007. In two separate occasions, . The most recent application was made in 2013 but expressly sought counsel's historical rate of $400. These rulings, issued between four to five years ago, further establish the reasonableness of counsel's rate of $500 per hour.

C.      Prior Court Decisions Concerning Michael Lumer's Hourly Rate

7

Mr. Lumer's hourly rate has been the subject of four different decisions by judges in the Eastern District over the past several years. In every case Mr. Lumer's request has been approved without reduction. The last time Mr. Lumer moved for his present rate was in 2012, when he requested a rate of $425 per hour for work performed in a nondescript civil rights action following a $5,001 Offer of Judgment issued and accepted at the outset of discovery. In that case, *Mariani v. City of New York, et al.,* 12 CV 288 (NG), the Court found the rate reasonable, regardless of the fact that the case itself was a run of the mill case that resolved early in the litigation.

The hourly rate of $500, which Mr. Lumer has been charging since he and James Neville opened the firm of Lumer & Neville in September 2013, was certainly fair and within acceptable market parameters at that time. It is all the more reasonable now, in April 2016. The rate is particularly reasonable in light of Mr. Lumer's skill and experience, and is consistent with prior judicial rulings which approved his requests for $425 an hour in 2011 and 2012, and $400 for work perfomed in 2006-2007.

A practicing attorney for nearly 20 years, Mr. Lumer attended law school on a partial academic scholarship, served as an editor on the Brooklyn Law Review, and has been published twice. Since graduating in 1995, he has appeared as lead counsel in well over 280 cases in federal court, the majority of which have been civil rights actions. He has also handled hundreds of cases in state court and has successfully argued appeals in both state and federal court. (Declaration of Michael Lumer ["Lumer Dec."] at ¶¶ 3-7). His experience and level of skill has been acknowledged in prior fee decisions, which confirm the

reasonableness of the instant request.

In May 2010, in a §1983 action Mr. Lumer moved for sanctions against the plaintiffs and requested an hourly rate of $400. The defendant City took no position with respect to the motion practice and did not oppose the requested rate. The Hon. Brian M. Cogan granted the motion, finding that the rate "is reasonable and consistent with the rates of other attorneys of similar experience who practice in this district." *Chow v. City of New York*, 2010 WL 2103046, at *4 (E.D.N.Y. May 25, 2010) (citations omitted).

The issue of Mr. Lumer's hourly rate came up again the following year in a fee application by Mr. Lumer following an acceptance of a Rule 68 Offer of Judgment. By this time, Mr. Lumer's hourly rate had increased to $425. While opposing the total amount sought, the City once again did not challenge or dispute the requested rate, which the Court agreed was reasonable and in accordance with the rates of other attorneys of similar experience who practice in this district. *Blount v. City of New York*, 2011 WL 8174137, at *1 (E.D.N.Y. Aug. 12, 2011). The Court's decision, grounded in citations to controlling authority, referenced counsel's lengthy experience and able performance in multiple actions before the Court, and framed the rate in the context of current hourly rates, noting "[c]ourts in this district have approved hourly rates exceeding $400 for **high-caliber civil rights attorneys**." *Id.* (Emphasis supplied). The City did not challenge the ruling.

On June 19, 2012, in a Southern District matter, *Safo-Agyekum v. City of New York*, 11 CV 4000 (CM), Mr. Lumer filed a motion for legal fees and costs after the plaintiff accepted an Offer of Judgment for $200,001, again seeking a rate of $425 per hour. In

9

response, the City of New York elected to pay the entire amount of fees and costs requested in the motion rather than submit any opposition. (Lumer Dec. at ¶¶ 16-17).

Another fee application was filed in July 2012, following plaintiff's early acceptance of an Offer of Judgment for $5,001 in a run-of-the-mill matter. In *Mariani v. City of New York,* 12 CV 288 (NG) (RML), the City finally disputed Mr. Lumer's $425 hourly rate, suggesting that $375 would be more appropriate. The Hon. Nina Gershon disagreed and upheld the requested rate of $425.

Finally, in 2013, prior to the formation of Lumer & Neville, Mr. Lumer submitted a fee request in *Hargroves v. City of New York* 03 CV 1668 (RRM) (VMS). Although Mr. Lumer had just been awarded $425 per hour in two prior cases, he expressly requested an hourly rate of $400 because (a) the work had been almost exclusively performed in 2006 and 2007, and (b) there was a good argument that plaintiffs' counsel was at least partially responsible for the lengthy delay in the fee application. (Lumer Dec. at ¶¶ 20-21).

Since opening Lumer & Neville, Mr. Lumer has consistently been charging clients $500 per hour in both civil and criminal matters. (Lumer Dec. at ¶¶ 8-11). This increased rate reflects Mr. Lumer's increased experience and responsibilities, and is reasonable when one considers that multiple district judges found his hourly rate of $425 fair and reasonable some four or five years ago. In simple terms, Mr. Lumer's rate of $500 per hour is reasonable for an attorney of Mr. Lumer's caliber and fairly reflects, if not understates, the rates charged in New York City by comparable attorneys.

## POINT II

### THE COSTS INCURRED BY PLAINTIFF
### WERE REASONABLE AND NECESSARY

The Offer of Judgment presented by the municipal defendant expressly delineated payment of plaintiff's costs as part of the overall consideration offered to plaintiff in exchange for agreeing to the accept defendants' offer.  As the Hon. Joanna Seybert has held, "[c]osts are ordinarily recoverable where they are 'incidental and necessary to the litigation.;" *Capone v. Patchogue-Medford Union Free Sch. Dist.*, 04 CV 2947, 2011 U.S. Dist. LEXIS 18194 at 14 (E.D.N.Y. Feb. 23, 2011) (citation omitted). Moreover, "[t]hese costs routinely include filing fees, process servers, postage, travel, and photocopying." *Id.; See also, Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC,* 553 F. Supp. 2d 201, 210-11 (E.D.N.Y. 2008) (reviewing numerous cases in which courts held that attorneys have a right to recover the costs of filing, service of process, photocopying, travel, postage, and express mail).  The few costs plaintiff seeks here are typical of and ordinarily incurred in such actions and well within reasonable limits.

Plaintiff is seeking a mere $593.50 in costs, which were incurred to commence the action ($400), and serve the summons and complaint upon the individual defendants ($193.50).  See Exhibit 2 to the Lumer Dec.  While plaintiff's counsel had other costs in this case related to, for example, postage, duplicating, and minor matters incidental to litigation generally, plaintiff was not billed for these costs and therefore plaintiff is not seeking to recover these costs. Rather, he is requesting that defendants pay his filing fee and service of process costs, which are both documented and eminently reasonable.

11

## **CONCLUSION**

For the foregoing reasons, the Court should award plaintiff the entirety of the award he is seeking, which consists of legal fees in the amount of $19,450.00, as well as costs in the amount of $593.50, for a total award of $20,043.50.

Dated: New York, New York
April 20, 2016

                                                  LUMER & NEVILLE
                                                  Attorneys for Plaintiff
                                                  225 Broadway, Suite 2700
                                                  New York, New York 10007

                                                  _____
                                                  By: Michael Lumer

To: Elissa Fudim, Sr. Counsel (By ECF)