UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ANDY JAMES,

                Plaintiff,

       -against-                15 CV 3657 (ERK) (PK)

CITY OF NEW YORK, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


**PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIS MOTION
FOR LEGAL FEES AND COSTS**


LUMER & NEVILLE
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

Attorneys for Plaintiff


Of Counsel
Michael Lumer, Esq.

# ARGUMENT

# POINT I

## THE REASONABLENESS OF COUNSEL'S
## HOURLY RATE AND HOURS BILLED

A.    Proportionality Is Not a Factor

As discussed in detail in plaintiff's opening brief, there is no "rule of proportionality" between a prevailing plaintiff's legal fees and the amount of damages a civil rights plaintiff actually recovers. See *City of Riverside v. Rivera*, 477 U.S. 561, 574-575 (1986); *Millea v. Metro-North Railroad Co.,* 68 F.3d 154 (2d Cir. 2011) ("Especially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes. . . [t]he whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery." (emphasis in original)). Thus, the ratio between plaintiff's award and the fees sought is entirely irrelevant.

With that said, it is worth noting that defendants' Offer of Judgment is in excess of their last global settlement offer, meaning that the additional labor expended by plaintiff's counsel was both a consequence of defendants' own strategic choices and increased plaintiff's degree of success. Having rejected the possibility of settlement early in the litigation, defendants cannot now complain that they should not be held accountable for the cost of the ensuing litigation.

Moreover, the Supreme Court has made clear that the relative novelty or complexity of a case should not be used to adjust an hourly rate, since these factors are subsumed in the lodestar analysis. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (citing *Blum v. Stenson*, 465 U.S. 886, 899-900 (1984)). The Hon. Nina Gershon rejected this very argument by the Law Department with respect to Mr. Lumer's 2012 fee motion in *Mariani v. City of New York, et al.,* 12 CV 288, denying defendants' argument some four years ago that Mr. Lumer should be

compensated at an hourly rate of $375 because the very skills and expertise that were then worth $425 per hour allowed him to work more expeditiously and efficiently than a less experienced attorney.

In short, novelty and complexity are matters accounted for in the lodestar analysis in the number of hours expended, not the rate of payment. An attorney's hourly rate does not adjust from matter to matter based on the level of difficulty, as it is the time expended that will fluctuate to reflect this variable.

B.   Michael Lumer's Hourly Rate is Reasonable

With respect to defendants' complaint about Mr. Lumer's hourly rate, plaintiff submits that the easiest and most obvious way to gauge the market value of Mr. Lumer's services is to see how the market has actually valued his fees previously. As discussed in plaintiff's moving papers, Mr. Lumer's rates have been examined and ruled on by various district judges in the Eastern District on several occasions between 2010 and 2013. On every occasion Mr. Lumer has received his actual hourly rate for the time period in question, ranging from $400 per hour (for work performed in or prior to 2010) to $425 (for work performed between 2011 and 2013), while being complimented as a "high caliber" civil rights attorney. In 2012, faced with an already filed fee motion in a Southern District case, the City simply agreed to pay Mr. Lumer's entire fee as requested at the hourly rate of $425.

Now, in 2016, the City argues that this historical analysis is irrelevant, as is Mr. Lumer's opening of his own firm in 2013 and work and experience in the intervening years. According to the City, Mr. Lumer is not only not entitled to an increase in his rates, but ought to be paid at a significantly lower rate than he was years earlier. The argument is absurd.

The defendants cite to a variety of cases involving other attorneys with seemingly similar years of experience, as though the valuation of attorneys' fees is subject to such a simple matrix. Rather, this Court can, and should, begin with how Mr. Lumer's prior applications have been adjudicated. In that regard, plaintiff refers the Court to the four Eastern District cases discussed in his declaration and the moving papers, which make clear that District Judges Mauskopf, Gershon, and Cogan, as well as Magistrate Judge Scanlon, have found that work performed by Mr. Lumer was compensable at an hourly rate of $400 to $425 for the years ranging from 2006 to 2013.

Mr. Lumer is now charging $500 per hour, which is a relatively modest increase given the intervening years involved, and the fact that he has since opened his own firm. Over these past three years, he has obtained various significant outcomes, including, but not limited to: a $560,000 jury verdict, accompanied by a $490,000 settlement of legal fees (*Davis v. Velez*, 12 CV 1219 (JBW)(JO)); partial summary judgment on liability for false arrest, followed by an Offer of Judgment for $15,001 and $120,000 in legal fees (*Covington v. City of New York*, 14 CV 1856 (JBW)(CLP)); two Offers of Judgment totaling $500,002 and $250,000 in legal fees (*Sanders v. City of New York*, 12 CV 113 (PKC)(LB)).

That other attorneys have been awarded more or less than Mr. Lumer may help illustrate the outer boundaries of a reasonable range of rates, but it would be grossly reductive to conclude that the only factor is one's experience. There is ample evidence of far higher rates, as discussed in the opening brief, and that is before discussing larger commercial and corporate rates, which are more than double Mr. Lumer's actual rate of $500, which is equally useful in terms of fixing boundaries, but otherwise of little value. Put most simply, defendants, who have largely agreed

that Mr. Lumer's rates of $400-425 were reasonable four to six years ago, cannot now argue that his current rate of $500 is not equally appropriate.

C.    The Time Billed Was Reasonable

As an initial matter, as set forth in Mr. Lumer's Reply Declaration, plaintiff is withdrawing his request for 2.7 hours expended preparing for and appearing at plaintiff's 50-H examination, as well as 0.9 hours following the acceptance of the Rule 68 Offer of Judgment prior to the instant motion practice. However, plaintiff is supplementing his motion to request an additional six hours to account for the drafting of these reply papers.

Earlier this year, another court in this district awarded "fees on fees" following the acceptance of a Rule 68 Offer of Judgment precisely because counsel was forced to "vigorously defend their qualifications and experience to justify their requested rate." In awarding this request, the district court noted first that the it was "within a judge's discretion to award fees in connection with the fee application by an attorney seeking an award of attorney's fees." *Johnson v. City of New York,* 2016 WL 590457, at *6 (E.D.N.Y. Feb. 11, 2016) (citations omitted) (adopting Magistrate Judge Pollak's recommendation that fees for a post-Rule 68 fee motion be granted).

As recently noted in a Southern District decision awarding fees for another such motion, "[i]It is well established that 'time reasonably spent by plaintiff's attorneys in establishing their fee [is] compensable.'" *Black v. Nunwood, Inc.*, 2015 WL 1958917, at *7 (S.D.N.Y. Apr. 30, 2015) (quoting *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir.1979) aff'd, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *see also Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir.1999) ("[A] reasonable fee should be awarded for time reasonably spent in preparing and defending an application for . . . fees.")).

The question then is not whether the Court can award "fees on fees," but rather simply whether it should. Here, defendants have been uncompromising throughout the litigation. The defendants have similarly shown no interest in compromising on the fee issue, and have aggressively attacked plaintiff's counsel's qualifications by seeking a roll back on his fees to an amount in 2016 that would be a full one-eighth less than the fees he was previously awarded for work performed in 2006. It is one thing to dispute the amount by which counsel can increase his rate; it is another thing entirely to suggest that the past four decisions (and prior concessions by the City) were all in error. Accordingly, given defendants' intransigence on the issue, plaintiff had little choice but to reply in support of the motion.

Finally, as for the reasonableness of the time spent, plaintiff is seeking a total of 5.6 for making the instant motion, and 6.0 hours for the reply. The total amount sought (11.6 hours) is well within the ambit of reasonableness as defined in other decisions in this district. *Anderson v. Cty. of Suffolk*, 2016 WL 1444594, at *9 (E.D.N.Y. Apr. 11, 2016) (citing cases for the proposition that 25 to 30 hours to be within a "reasonable time" for drafting a fee motion).

## CONCLUSION

For the foregoing reasons, the Court should award plaintiff the entirety of the award he is seeking, which consists of legal fees in the amount of $20,650.00, as well as costs in the amount of $593.50, for a total award of $21,243.50.

Dated: New York, New York
      June 1, 2016

LUMER & NEVILLE
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007

_____
By:  Michael Lumer

To:    Elissa Fudim, Sr. Counsel (By ECF)